**KHUN SENG MONG, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 04–73182.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Dec. 6, 2007.

---

\* Michael B. Mukasey is substituted for his predecessor Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

R. Wayne McMillan, Esq., McMillan & Tkach, LLP, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

** The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

Before: FARRIS and PAEZ, Circuit Judges, and CONLON,** District Judge.

MEMORANDUM ***

Khun Seng Mong ("Mong"), a Burmese national and member of the Shan ethnic minority group, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal. The IJ denied Mong relief, finding that his application for asylum was barred by the one-year filing requirement, and that his testimony with respect to all of his claims lacked credibility. We have jurisdiction under 8 U.S.C. § 1252. Notwithstanding any other statutory jurisdictional bar, we also have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review questions of law, including the application of law to undisputed facts. *Ramadan v. Gonzales,* 479 F.3d 646, 654 (9th Cir.2007). We grant the petition in part and remand in part.

■ With respect to whether Mong's application for asylum is time-barred—whether Mong filed his application for asylum within one year of his "last arrival" in the United States—we remand the issue to the BIA because the BIA has never addressed the meaning of "arrival" within 8 U.S.C. § 1158(a)(2)(B) or "last arrival" within 8 C.F.R. § 1208.4(a)(2)(ii). Under the principles annunciated in *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), we conclude that the

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

BIA should have the opportunity to construe the meaning of these terms in the first instance.

■ We grant Mong's petition as to the adverse credibility determination and reverse. The inconsistencies perceived by the IJ and summarily affirmed by the BIA were either not in fact discrepancies, were minor, or did not go to the heart of petitioner's application. *Chen v. INS,* 266 F.3d 1094, 1098 (9th Cir.2001) (noting that minor discrepancies, inconsistencies, or omissions that do not go to heart of applicant's claim do not constitute substantial evidence to support an adverse credibility finding).

We have repeatedly held that minor discrepancies between a petitioner's written asylum application and his oral testimony are insufficient to support an IJ's finding of lack of credibility. *Aguilera–Cota v. INS,* 914 F.2d 1375, 1382 (9th Cir.1990) ("[F]ailure to file an application form that was as complete as might be desired cannot, without more, properly serve as the basis for a finding of lack of credibility."); *see also Smolniakova v. Gonzales,* 422 F.3d 1037, 1045 (9th Cir.2005) (holding that petitioner's incomplete asylum application did not serve as a basis for the IJ's finding of lack of credibility). We reasoned in *Aguilera–Cota* that asylum "[f]orms are frequently filled out by poor, illiterate people who do not speak English and are unable to retain counsel. Under these circumstances, the IJs cannot expect the answers provided in the applications to be as comprehensive or as thorough as they would be if set forth in a legal brief." *Id.*

The IJ's findings that Mong did not include the exact calendar date of his first interrogation in his written application, and did not write that he received minor medical attention after being detained and interrogated—when his accounts were oth-erwise detailed and consistent—do not provide a substantial basis for an IJ's finding of lack· of credibility. Likewise, the fact that Mong wrote in his application that he was an active member of the Shan Culture and Literature Association when in his testimony he explained he was the organization's "Secretary" can hardly be considered central to Mong's account of why he was persecuted. *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

For the foregoing reasons, we reverse the adverse credibility determination of the Board, vacate its decision, and remand so that the Board may determine whether, in light of our holding that Mong's testimony was credible, Mong has met the requisite criteria for asylum or withholding.

**PETITION FOR REVIEW GRANTED** in part; **REMANDED** in part.